Linda Bondi Morrison, Esq., SBN 210264
Ryan B. Luther, Esq., SBN 216928
TRESSLER LLP
2 Park Plaza, Suite 1050
Irvine, California 92614
Telephone: (949) 336-1200
Fax: (949) 752-0645
E-Mail: lmorrison@tresslerllp.com
rluther@tresslerllp.com

Attorneys for Plaintiff Great American Insurance Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>QUINTANA HOMEOWNERS ASSOCIATION and JAMES GREGG,<br><br>Defendants.<br><br>QUINTANA HOMEOWNERS ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>Counter-Defendant. | Case No. 5:17-cv-693-EJD<br>Honorable Edward J. Davila<br><br>**MOVING SEPARATE STATEMENT IN SUPPORT OF GREAT AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: February 22, 2018<br>Time: 9:00 a.m.<br>Courtroom: 4 |

Pursuant to Section IV(B) of the Honorable Edward J. Davila's Standing Order for Civil Cases, Plaintiff Great American Insurance Company ("Great American") hereby submits its Moving Separate Statement in support of its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment against Defendants Quintana Homeowners Association ("HOA") and James Gregg ("Gregg").

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| **Claim 1**<br>**Declaratory Relief: No Duty to Defend or Indemnify the HOA in the *GIBCO* Action** | | |
| **1.** An actual controversy exists as to Great American's alleged obligation to defend and indemnify the HOA in the underlying action under an umbrella liability policy in the event of the exhaustion of the applicable limit of the underlying primary directors and officers liability insurance policy issued to the HOA. | **Fact 1.** The HOA and Gregg are defendants in the Superior Court of California, County of Monterey action styled *GIBCO Partners, LLC v. Quintana Homeowners Ass'n, et al.*, Case No. M 114311 ("*GIBCO* Action").<br><br>**Request for Judicial Notice ("RJN") ¶ 2, Ex. 2 (GIBCO Complaint).** | |
| | **Fact 2.** Travelers Casualty and Surety Company of America ("Travelers") issued Non-Profit Management and Organization Liability Policy No. 104116804, to the HOA for the policy period of November 7, 2010 to November 7, 2013 ("Travelers Primary Policy").<br><br>**RJN Ex. 3 (Great American Complaint) ¶¶ 18 and 26; RJN Ex. 5 (Travelers Primary Policy); RJN Ex. 7 (HOA Answer), ¶ 18 and 26 (Admission of Fact/Authenticity).** | |
| | **Fact 3.** The Travelers Primary Policy contains a maximum aggregate Limit of Liability of $2 million, inclusive of Defense Costs.<br><br>**RJN Ex. 5 (Travelers Primary Policy), Page 3.** | |
| | **Fact 4.** Travelers agreed to | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | defend the HOA and Gregg in the *GIBCO* Action under the Travelers Primary Policy, and has paid amounts toward their defense, thereby reducing the applicable limit of the Travelers Primary Policy.<br><br>**RJN Ex. 3 (Great American Complaint) ¶ 18; RJN Ex. 6 (Gregg Answer) ¶ 18 (Admission of Fact); and Ex. 7 (HOA Answer) ¶ 18 (Admission of Fact).** | |
| | **Fact 5.** Great American issued The Protector Commercial Umbrella Policy No. UM 2388452, to Distinguished Properties Umbrella Managers, Inc., for the policy period of September 1, 2011 to September 1, 2013 ("Great American Umbrella Policy"), and Certificate of Coverage No. 1481366 to the HOA for the coverage period of September 21, 2011 to September 21, 2012.<br><br>**RJN Ex. 3 (Complaint) ¶ 19; RJN Ex. 4 (Great American Umbrella Policy); and RJN Ex. 7 (HOA Answer), ¶ 19 (Admission of Fact/Authenticity).** | |
| | **Fact 6.** Counsel for the HOA requested that Great American agree to indemnify the HOA under the Great American Umbrella Policy for the amount of any judgment or settlement in the Underlying Action that | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | might exceed the applicable remaining limit of the Travelers Primary Policy.<br><br>**RJN Ex. 3 (Complaint) ¶ 33 and RJN Ex. 7 (HOA Answer) ¶ 33 (Admission of Fact).** | |
| | **Fact 7.** After conducting its initial investigation, and its review of documents produced and information obtained through discovery in the Underlying Action, Great American issued a letter on February 2, 2017, denying any obligations with respect to the defense and indemnity of the HOA in the Underlying Action in the event of primary exhaustion.<br><br>**RJN Ex. 3 (Complaint) ¶ 34 and RJN Ex. 7 (HOA Answer) ¶ 34 (Admission of Fact).** | |
| | **Fact 8.** The HOA contends, and Great American denies, that Great American will have an obligation under the Great American Umbrella Policy to defend and indemnify the HOA in the *GIBCO* Action in the event of the exhaustion of the applicable limit of the Travelers Primary Policy.<br><br>**RJN Ex. 3 (Complaint) ¶ 37 and RJN Ex. 7 (HOA Answer), ¶ 37 (Admission of Fact).** | |
| 2. The Claims Asserted | **Fact 9.** By Order dated June | |

| **Claim or Defense** | **Moving Party's Undisputed Facts/Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
| --- | --- | --- |
| Against the HOA in the *GIBCO* Action are Not for a Covered "Loss" under the Great American Umbrella Policy. | 25, 2015 ("June 25, 2015 Order"), in the *GIBCO* Action, Hon. Thomas W. Wills, granted in part and denied in part the HOA's motion to dismiss GIBCO's then operative Fifth Amended Complaint.<br><br>**RJN Ex. 1 (Order).** | |
| | **Fact 10.** As stated in the June 25, 2015 Order, "all allegations regarding damages as pertaining to the HOA and all claims for relief seeking recovery of damages as against the HOA, including as set forth in the prayer, are stricken without leave to amend." The June 25, 2015 Order further states, "Plaintiff may not recover monetary damages from the HOA in this action."<br><br>**RJN Ex. 1 (Order).** | |
| | **Fact 11.** The June 25, 2015 Order further stated: "The only relief Plaintiff may seek in this action against the HOA is injunctive relief."<br><br>**RJN Ex. 1 (Order).** | |
| | **Fact 12.** GIBCO filed the operative Amended Revised Sixth Amended Complaint in the *GIBCO* Action on or about April 13, 2017 ("GIBCO Complaint"). As it pertains to the HOA, the relief sought in the GIBCO Complaint is limited to declaratory relief, injunctive | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | relief, and an award of contractual and/or statutory prevailing-party attorney fees.<br><br>**RJN Ex. 2 (GIBCO Complaint).** | |
| | **Fact 13.** The Great American Umbrella Policy "follows form," to the Travelers Primary Policy, in that it is "subject to the same terms, conditions, definitions, exclusions and warranties" and provides "no broader coverage then is provided by" the Traveler Primary Policy.<br><br>**RJN Ex. 4 (Great American Umbrella Policy), Page 26, 33.** | |
| | **Fact 14.** The relevant coverage under the Great American Umbrella Policy and the Travelers Primary Policy to which it follows form is limited to covered "Loss," which is defined in the Travelers Primary Policy to mean, in relevant part, the total amount "any Insured becomes legally obligated to pay as the result of all Claims first made against any Insured during the Policy Period for Wrongful Acts including, but not limited to damages (including punitive or exemplary damages where insurable under applicable law), judgments, settlements and Defense Costs."<br><br>**RJN Ex. 5 (Travelers Primary** | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | **Policy), Page 23 ("Loss" definition).** | |
| | **Fact 15.** The Great American Umbrella Policy is subject to the Travelers Primary Policy's definition of "Wrongful Act," as "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed or attempted, or allegedly committed or attempted," by the HOA or one or more Insured Persons "in their representative capacities as such."<br><br>**RJN Ex. 5 (Travelers Primary Policy), Page 7.** | |
| | **Fact 16.** The Great American Umbrella Policy is subject to an endorsement contained in the Travelers Primary Policy, setting forth an exclusion stating, "The Insurer shall not be liable to make any payment for Loss, other than Defense Costs, in connection with any Claim made against any of the Insureds which constitute costs and expenses incurred or to be incurred to comply with an order, judgment or award of injunctive or other equitable relief of any kind, or that portion of a settlement encompassing injunctive or other equitable relief… ."<br><br>**RJN, Ex. 5 (Travelers Primary Policy), Page 24.** | |

| **Claim or Defense** | **Moving Party's Undisputed Facts/Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
|---|---|---|
| 3. No duty to defend can arise under the Great American Umbrella Policy absent the exhaustion of the applicable limit of the Travelers Primary Policy in connection with a potentially covered "Loss." | **Fact 17.** The Defense Coverage provided in the Travelers Primary Policy, to which the Great American Umbrella Policy follows form, requires the defense of a "Claim covered by this Policy."<br><br>**RJN, Ex. 5 (Travelers Primary Policy), Page 6.** | |
| | **Fact 18.** As the GIBCO Complaint seeks only declaratory relief, injunctive relief and an award of prevailing-party attorney fees, there is no potentially covered "Loss," for which a defense obligation can arise under the Great American Umbrella Policy in the event the applicable limit of the Travelers Primary Policy is exhausted.<br><br>**RJN Ex. 2 (GIBCO Complaint); RJN Ex. 4 (Great American Umbrella Policy); and RJN Ex. 5 (Travelers Primary Policy).** | |
| **Claim 2**<br>**Declaratory Relief: No Duty to Defend or Indemnify Gregg in the *GIBCO* Action** | | |
| 1. An actual controversy exists as to Great American's alleged obligation to defend and indemnify the HOA in the underlying action under an umbrella liability policy in the event of the exhaustion of the applicable limit of the | **Fact 19.** As a former board member of the HOA, and a member of its "duly constituted committee," the Architectural Review Board, at the time of the January 30, 2008 telephone call, Gregg qualifies as an "Insured Person," and therefore an | |

| **Claim or Defense** | **Moving Party's Undisputed Facts/Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
|---|---|---|
| underlying primary directors and officers liability insurance policy issued to the HOA | "Insured" under the Travelers Primary Policy with respect to the claims asserted against him in the GIBCO Action. If, as now alleged in the GIBCO Complaint, Gregg also served as a "volunteer" for the HOA at the time of the telephone call, this would serve as an additional basis for his "Insured Person" and "Insured" status under the Travelers Primary Policy.<br><br>**RJN, Ex. 5 (Travelers Primary Policy), Page 7.** | |
| | **Fact 20.** As an "Insured Person" and "Insured" under the Travelers Primary Policy, Gregg also qualifies as such under the Great American Umbrella Policy.<br><br>**RJN, Ex. 4 (Great American Umbrella Policy), Page 7.** | |
| | **Fact 21.** Gregg has requested that Great American agree to indemnify Gregg, as an insured under the Great American Umbrella Policy, for the amount of any judgment or settlement in the Underlying Action that might exceed the applicable remaining limit of the Travelers Primary Policy.<br><br>**RJN Ex. 3 (Complaint) ¶ 33 and RJN Ex. 7 (HOA Answer) ¶ 33 (Admission of Fact).** | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | **Fact 22.** After conducting its initial investigation, and its review of documents produced and information obtained through discovery in the Underlying Action, including the testimony referenced above from Gregg's deposition transcript, Great American issued a letter on February 2, 2017, denying any obligations with respect to the defense and indemnity of Gregg in the Underlying Action in the event of primary exhaustion.<br><br>**RJN Ex. 3 (Complaint) ¶ 35 and RJN Ex. 7 (HOA Answer) ¶ 35 (Admission of Fact).** | |
| | **Fact 23.** Gregg contends, and Great American denies, that Great American will have an obligation to defend and indemnify Gregg in the *GIBCO* Action in the event of the exhaustion of the applicable limit of the Travelers Primary Policy.<br><br>**RJN Ex. 3 (Complaint), ¶ 41 and RJN Ex. 6 (Gregg Answer), ¶ 41 (Admission of Fact).** | |
| | **Fact 24.** The Great American Umbrella Policy contains an endorsement setting forth an exclusion barring coverage for the following:<br>Any "wrongful act" which is directly or indirectly related in whole or in part to an | |

| **Claim or Defense** | **Moving Party's Undisputed Facts/Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
| --- | --- | --- |
| | actual or alleged "wrongful act" on the part of a builder, developer or sponsor or anyone affiliated with a builder, developer or sponsor. This exclusion shall not apply to claims while such an "Insured" is a member on the "Insured's" board of directors and in the capacity as such.<br>As used in this endorsement, "wrongful act" means any actual or alleged error, misstatement, misleading statement, act, or omission, neglect or breach of duty.<br><br>**RJN Ex. 4 (Great American Umbrella Policy), Page 47.** | |
| | **Fact 25.** The Great American Umbrella Policy and the Travelers Primary Policy to which it follows form contains an endorsement setting forth the following definitions and exclusion:<br>1. For purposes of this endorsement, the following terms have the following meanings:<br>a. "Builder/Developer Board Member" means any person appointed or elected to serve on the board of directors of the Parent Organization by the builder, developer or sponsor of the Parent Organization, and who was both a director or officer of the Parent | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | Organization and a director, officer, employee or agent of such builder, developer, or sponsor of the Parent Organization;<br>b. "Policy Year" means each year of the Policy Period beginning with the Policy Inception Date and ending one year thereafter and each successive year until canceled or non-renewed.<br>2. The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Builder/Developer Board Member after the end of the Policy Year in which such Builder/Developer Board Member ceases to serve on the board of directors of the Parent Organization.<br><br>**RJN Ex. 5 (Travelers Primary Policy), Page 17.** | |
| | **Fact 26.** "Parent Organization" is defined in the Travelers Primary Policy to mean "the organization designated in Item 1 of the Declarations," which is the HOA.<br><br>**RJN Ex. 5 (Travelers Primary Policy), Pages 5, 7.** | |
| | **Fact 27.** As alleged in the GIBCO Complaint, Gregg was "a developer of Quintana with | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | an ownership interest in TWELFTH TEE and GOLF PROPERTIES," and "the managing member of GOLF PROPERTIES, which, … is the managing member of TWELFTH TEE."<br><br>**RJN Ex. 2 (GIBCO Complaint), ¶ 5**. | |
| | **Fact 28.** Gregg served on the initial developer-appointed Board of Directors for the HOA.<br><br>**RJN, Ex. 3 (Complaint), ¶ 17; RJN, Ex. 6 (Gregg Answer), ¶ 17 (Admission of Fact); Notice of Lodging of Excerpts from Certified Deposition Transcript, Ex. A., 256:21 – 257:7.** | |
| | **Fact 29.** The claims asserted against Gregg in the GIBCO Complaint are based on alleged misrepresentations made by Gregg in a telephone discussion with Jonathan Gibson that took place on January 30, 2008.<br><br>**RJN, Ex. 2 (GIBCO Complaint), ¶¶ 51-70; 118-125; and 135-141.** | |
| | **Fact 30.** At his deposition the *GIBCO* Action, Gregg confirmed that he was one of the initial members of the Board of Directors of the HOA, but was no longer serving in that capacity when | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| | the January 30, 2008 telephone discussion occurred.<br><br>**Notice of Lodging of Excerpts from Certified Deposition Transcript, Ex. A., 256:21 – 257:7.** | |
| | **Fact 31.** Gregg again admitted in his Answer filed in this action that he "was a member of the Board of Directors and an officer for [the HOA], but he did not hold such positions as of January 30, 2008."<br><br>**RJN, Ex. 3 (Complaint), ¶ 17; RJN, Ex. 6 (Gregg Answer), ¶ 17 (Admission of Fact).** | |
| | **Fact 32.** The Travelers Primary Policy incepted on November 7, 2010, years after Gregg had ceased serving as a developer-appointed board member of the HOA.<br><br>**RJN, Ex. 5 (Travelers Primary Policy).** | |

Dated: December 19, 2017

TRESSLER LLP

*/S/ Linda Bondi Morrison*

By: ____________________________________

Linda Bondi Morrison, Esq.
Ryan B. Luther, Esq.
Attorneys for Plaintiff Great American Insurance Company

OC # 68586