Linda Bondi Morrison, Esq., SBN 210264
lmorrison@tresslerllp.com
TRESSLER LLP
2 Park Plaza, Suite 1050
Irvine, California 92614
Telephone: (949) 336-1200
Facsimile: (949) 752-0645

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GREAT AMERICAN INSURANCE COMPANY,

Plaintiff,

v.

QUINTANA HOMEOWNERS ASSOCIATION and JAMES GREGG,

Defendants.

QUINTANA HOMEOWNERS ASSOCIATION,

Counterclaimant,

v.

GREAT AMERICAN INSURANCE COMPANY,

Counter-Defendant.

Case No. 5:17-cv-693-EJD
Honorable Edward J. Davila

**GREAT AMERICAN INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Date: February 22, 2018
Time: 9:00 a.m.
Courtroom: 4

**TABLE OF CONTENTS**

**I. INTRODUCTION AND SUMMARY OF ARGUMENT .......... 1**

**II. CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF AGAINST THE HOA ARE NOT CLAIMS FOR COVERED "LOSS" .......... 3**

**III. THE HOA'S REMAINING CLAIMS AGAINST GREAT AMERICAN ARE NOW MOOT .......... 5**

A. Great American's Alleged Duty to Defend or Pay "Defense Costs" is Now Moot. .......... 5

B. The HOA's Claim for Prevailing Party Attorney's Fees is Now Moot. .......... 5

**IV. SUMMARY JUDGMENT IN FAVOR OF GREAT AMERICAN AND AGAINST GREGG MUST BE GRANTED .......... 7**

A. Gregg Did Not Oppose Great American's Motion. .......... 7

B. The HOA'S Arguments in Favor of Coverage for Gregg are Improper and Unavailing. .......... 7

**V. THE HOA'S CLAIM THAT GREAT AMERICAN BREACHED A DUTY TO SETTLE IS NOT PROPERLY BEFORE THIS COURT .......... 8**

**VI. THE HOA IS NOT ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR .......... 8**

**VII. "MEET AND CONFER" REQUIREMENTS .......... 9**

**VIII. CONCLUSION .......... 9**

# TABLE OF AUTHORITIES

## CASES

*British Airways Board v. Boeing Co.*, 585 F.2d 946 (950-52 (9th Cir. 1978), *cert. denied*, 440 U.S. 981 (1979)....................................7

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)....................................7

*Gunderson v. Fire Insurance Exchange*, 37 Cal. App. 4th 1106, 1116 (1995)....................................4

*Health Net v. RLI Ins. Co.*, 206 Cal. App. 4th 232 (2012)....................................6

*Hurley Construction Co. v. State Farm Fire and Casualty Co.*, 10 Cal. App. 4th 533, 538 (1992)....................................4

*Signal Cos. v. Harbor Ins. Co.*, 27 Cal. 3d 359, 368 (1980)....................................5

## STATUTES

Federal Rule of Civil Procedure Section 56(f)(1)....................................8

Northern District Civil Local Rule 52-6(b)....................................8, 9

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Quintana Homeowners Association's ("HOA") Opposition fails to raise a genuine issue of material fact relevant to Great American's Motion. In fact, most of the arguments raised by the HOA have been made moot by the settlement and complete dismissal of the underlying action styled *GIBCO Partners, LLC v. Quintana Homeowners Association, et al.,* Case No. M 114311, Superior Court of California, Monterey County ("*GIBCO* Action"), or, alternatively, are not properly before this Court. Moreover, the HOA has failed to present any legal authority which, in the context of the policy language at issue, would defeat Great American's Motion. Consequently, Great American is entitled to judgment as a matter of law.

As set forth in Great American's Motion, Great American issued an Umbrella and Excess Liability Insurance Policy ("Great American Umbrella Policy") which, if coverage applied, could not be triggered unless and until the underlying primary policy issued by Travelers Casualty and Surety Company of America ("Travelers") properly exhausted. Travelers was defending the HOA and James Gregg, one of the owners of the developer entities and who also initially served on the HOA's board of directors, in the *GIBCO* Action, and, according to the HOA's Opposition, settled the *GIBCO* Action, along with a contribution by the HOA, in a Settlement Agreement and Mutual Release ("HOA Settlement") dated October 9, 2017, resulting in a complete dismissal of the *GIBCO* Action. According to the Opposition, a separate Settlement Agreement and Mutual Release with Gregg, under which Gregg paid nothing in exchange for a dismissal of all claims, was dated September 15, 2017 ("Gregg Settlement").

As a result of HOA Settlement and the Gregg Settlement and the resulting dismissal of the *GIBCO* Action, many of the issues addressed in Great American's Motion, as well as in the HOA's Opposition, have been rendered moot. Great American's Motion is based on its position that the *GIBCO* Action does not assert a claim against the HOA for a covered "Loss," and as such, no excess defense or indemnity obligation can arise under the Great American Umbrella Policy. Great American's Motion contends:

- <u>No duty to defend or pay "defense costs" on behalf of the HOA and/or Gregg could have arisen under the Great American Umbrella Policy unless and until the underlying Travelers</u>

primary policy exhausts. As a result of the HOA Settlement and Gregg Settlement and dismissal at a time when the Travelers policy had not yet exhausted and Travelers was still defending, this issue has been rendered **moot.**

- An award of prevailing party attorney's fees does not constitute a covered "Loss." This issue has been rendered **moot** by the HOA Settlement and the Gregg Settlement. It is unnecessary for the parties and this Court at this time to speculate as to whether prevailing party attorney's fees would be covered under the Great American Umbrella Policy. As the *GIBCO* Action settled, there has been no award of prevailing party attorney's fees against the HOA. In fact, Paragraph VI.I. of the HOA Settlement expressly states that each party shall bear its own litigation costs and attorneys fees in the GIBCO Action. The Gregg Settlement contains a similar provision in Paragraph 12.
- Claims for injunctive and declaratory relief are not claims for covered "Loss" under the Great American Umbrella Policy. This is the only issue that remains to be decided in connection with Great American's Motion. Except to the extent "Loss" may include amounts the HOA is required to incur in order to comply with the injunctive relief sought in the GIBCO Action, no amounts could have been recovered from the HOA that could be construed as a "Loss" under the Great American Umbrella Policy. Since the only claims remaining against the HOA at the time of settlement were for declaratory and injunctive relief, the HOA is not entitled to coverage under the Great American Umbrella Policy.

As to the above issues, even those that are moot, the HOA's Opposition fails to raise any genuine issue of material fact which would preclude this Court from granting Great American's Motion in its entirety.

Moreover, in addition to many of the claims at issue having been made moot by the HOA Settlement and Gregg Settlement and dismissal of the *GIBCO* Action, the HOA's Opposition improperly seeks relief that should not be granted by this Court. First, Great American filed its Motion against both the HOA and Gregg. Gregg is not represented by counsel for the HOA; rather, he is represented in this litigation by his own counsel, Douglas Oldfield of Oldfield Creely LLP. Gregg has not filed an opposition to Great American's Motion. For this reason, and as Great American has met its burden of proof on summary judgment, Great American's Motion should be granted as to Gregg. Counsel for the HOA, in its Opposition, however, argues that Great

American owes coverage to Mr. Gregg. Presumably, Gregg has not opposed Great American's Motion because he paid nothing under the Gregg Settlement and, in fact, was to recover amounts from the plaintiff in connection with his travel expenses. Gregg had no reason to oppose Great American's Motion because he received a complete release. It is inexplicable and improper that the HOA is now arguing in favor of coverage, and against Great American's Motion, on behalf of Gregg.

Second, the HOA's Opposition improperly raises new claims beyond the scope of Great American's Motion and contends that Great American breached its duty to settle when it refused to contribute to the settlement of the *GIBCO* Action. The HOA did not move for summary judgment in this case, and this issue is not properly before this Court. It is inappropriate for the HOA to now allege new matter, let alone a new claim against Great American, in its Opposition.

Finally, the HOA's request that this Court grant summary judgment in its favor, finding that the Great American Umbrella Policy provides coverage for the claims asserted in the *GIBCO* Action is improper and unsupported. The HOA did not move this Court for summary judgment on whether Great American owes coverage, and did not meet its burden of proof or provide evidentiary support for its request. Rather, the HOA has simply opposed Great American's Motion, which seeks a determination that Great American owes no coverage under the Great American Umbrella Policy on the specified grounds in the Motion.

## II. CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF AGAINST THE HOA ARE NOT CLAIMS FOR COVERED "LOSS"

As set forth in Great American's Motion, GIBCO has been precluded from obtaining any relief from the HOA other than injunctive relief, declaratory relief and an award of contractual or statutory prevailing-party attorney fees in the *GIBCO* Action. Except to the extent "Loss" may include amounts of the HOA is required to incur in order to comply with the injunctive relief sought, or an award of attorney fees, no "amount" can be recovered from the HOA that can be construed as "Loss" under the Great American Umbrella Policy. Moreover, the Great American Umbrella Policy, by incorporation of the Cost of Injunctive Relief Exclusion, bars coverage for "costs and expenses incurred or to be incurred to comply with an order, judgment or award of

injunctive or other equitable relief of any kind, or that portion of a settlement encompassing injunctive or other equitable relief." Consequently, there is no coverage for the HOA's compliance with an order of injunctive relief. Similarly, there is no coverage for the HOA Settlement for the costs of injunctive or other equitable relief.

The HOA's Opposition speculates that "there was a potential that compensatory damages could have been awarded" against it despite the ruling in its favor precluding such an award. It speculates that the order could have been appealed or overturned, and that Gregg could have pursued indemnity from the HOA in the event of a judgment against him. The fact is, however, that no compensatory damages could have been awarded or were in fact awarded in the *GIBCO* Action at the time the HOA sought coverage from Great American. Even for purposes of evaluating a duty to defend, which is much broader than a duty to indemnity, courts have refused to require that an insurer speculate as to how and whether a claim may be amended in the future. As the court in *Gunderson v. Fire Insurance Exchange*, 37 Cal. App. 4th 1106, 1116 (1995) explained, "[a]n insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." Likewise, in the case of *Hurley Construction Co. v. State Farm Fire and Casualty Co.*, 10 Cal. App. 4th 533, 538 (1992), the court found that speculation from an insured's counsel regarding how a claimant might amend its complaint could not trigger coverage.

In addition, the HOA's Opposition erroneously states that Great American has not asserted that any exclusion conclusively applies to bar coverage. It therefore concludes that if the HOA has established that a "Claim" had been made against it for "Wrongful Acts," Great American is obligated to pay "Loss." Great American is not obligated to pay any and all "Loss" that the HOA may become obligated to pay. It is only obligated to pay "Loss" that is covered under the Great American Umbrella Policy. Great American's Motion has clearly raised an exclusion that bars coverage for the HOA for the claims at issue in the *GIBCO* Action-- that is the Cost of Injunctive Relief Exclusion. The HOA's Opposition fails to even acknowledge this exclusion, let alone address Great American's arguments as to why coverage is barred.

## III. THE HOA's REMAINING CLAIMS AGAINST GREAT AMERICAN ARE NOW MOOT

The HOA's Opposition addresses a number of issues raised in Great American's Motion, and argues that coverage under the Great American Umbrella Policy should apply in a number of situations that have now become moot in light of the HOA Settlement and dismissal of the *GIBCO* Action. It is unnecessary for this Court to consider these issues in light of the fact that the HOA will never incur liability or the Great American Umbrella Policy will never be triggered.

### A. Great American's Alleged Duty to Defend or Pay "Defense Costs" is Now Moot.

Great American could not have had any duty to defend or pay "Defense Costs" to or on behalf of the HOA under the Great American Umbrella Policy unless and until the underlying Travelers primary policy exhausted. According to the HOA's Opposition, the Travelers policy exhausted as part of the settlement of the *GIBCO* Action, which was dismissed in its entirety. Where primary liability insurance remains a unexhausted, an excess insurer owes no obligation with respect to the defense of an insured in a lawsuit, even if the amount sought from the insured exceeds the applicable limit of primary coverage. *Signal Cos. v. Harbor Ins. Co.,* 27 Cal. 3d 359, 368 (1980). The HOA's Opposition fails to address or rebut this basic tenet of insurance law, and fails to even address the fact that no obligation could have arisen on the part of Great American unless and until the Travelers policy exhausted. Although the HOA argues that it was entitled to a defense from Great American for claims of non-monetary relief, it inexplicably fails to address the fact that the Great American Umbrella Policy had not even been triggered and could never be triggered for the claims at issue in the *GIBCO* Action in light of its dismissal. As the *GIBCO* Action was dismissed in its entirety as part of the terms of the HOA Settlement, no obligation on the part of Great American did arise or could have arisen. Consequently, the issue of Great American's alleged duty to defend or pay "Defense Costs" has been rendered moot.

### B. The HOA's Claim for Prevailing Party Attorney's Fees is Now Moot.

The HOA is not entitled to prevailing party attorney's fees not only because they are not covered under the Great American Umbrella Policy, but because there was no award of prevailing party attorney's fees in the now-dismissed *GIBCO* Action and therefore, this issue is moot. In fact,

it was never a certainty that such fees would be awarded against the HOA; the HOA's argument assumes that the HOA would not have prevailed in the *GIBCO* Action and that such fees would have been awarded against the HOA. There is no need to argue this hypothetical, which will never occur, in light of the HOA Settlement and dismissal.

The HOA's Opposition contends that once the Travelers Policy exhausted, Great American became obligated to pay "Loss" in the form of prevailing party attorney's fees. The fact that the Opposition spends four pages arguing the hypothetical situation of whether coverage would apply under the Great American Umbrella Policy if prevailing party attorney's fees were awarded is puzzling in light of the fact that the HOA filed its Opposition well after dismissal of the *GIBCO* Action. It is even more puzzling in light of the fact that the HOA has not argued that it has paid prevailing party attorney's fees, and in fact, according to Paragraph VI.I. of the HOA Settlement attached as Exhibit A to the Declaration of Brian D. Call in support of the Opposition, Gibco and the HOA agreed to bear their own litigation costs and attorney's fees.

Even in the event the issue of coverage for prevailing party attorney's fees were not moot, the HOA's arguments fail. The HOA contends that *Health Net v. RLI Ins. Co.,* 206 Cal. App. 4th 232 (2012), a case cited by Great American in support of its Motion, must be applied in the instant matter. Among other things, Great American cited to this case for the proposition that "if the entire action alleges no covered wrongful act under the policy, coverage cannot be bootstrapped based solely on a claim for attorney fees." *Id.* at 257. Here, if coverage under the Great American Umbrella Policy does not apply to the claims at issue in the *GIBCO* Action, the HOA cannot recover prevailing party attorney's fees awarded in connection with those claims.

Finally, the HOA's attempts to distinguish the cases cited in Great American's Motion are unavailing, and coverage is clearly barred for the reasons addressed in the Motion. Given that this issue is moot, Great American will not reargue the cases cited in its Motion, but notes that the HOA has presented no new authority interpreting "Loss" in its favor that would have supported coverage for prevailing party attorney's fees awarded against it.

///

## IV. SUMMARY JUDGMENT IN FAVOR OF GREAT AMERICAN AND AGAINST GREGG MUST BE GRANTED

### A. Gregg Did Not Oppose Great American's Motion.

Great American has met its burden to show that there is no genuine issue of material fact by presenting evidence that, if uncontradicted, would entitle it to a directed verdict after trial, as required by *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Once Great American has met its burden, the burden shifts to Gregg to present specific facts showing that contradiction of Great American's evidence is possible. *British Airways Board v. Boeing Co.,* 585 F.2d 946 (950-52 (9th Cir. 1978), *cert. denied*, 440 U.S. 981 (1979). Gregg did not file an brief in opposition to Great American's Motion, and therefore, has failed to raise any genuine issues of material fact that would preclude summary judgment being entered in Great American's favor.

### B. The HOA'S Arguments in Favor of Coverage for Gregg are Improper and Unavailing.

Gregg did not pay anything to Gibco in the *GIBCO* Action, as set forth in the Gregg Settlement attached as Exhibit B to the Declaration of Brian D. Call in support of the HOA's Opposition. In fact, under Paragraph 22 of the Gregg Settlement, Gibco was to pay Gregg for certain of his travel expenses. Given that Gregg paid out no money as part of Gregg Settlement and that the action was dismissed in its entirety, Gregg likely had little incentive to oppose Great American's Motion on the grounds that he would be arguing for hypothetical coverage that would never be called upon to respond. Notwithstanding, the HOA improperly argues that Great American owes defense cost coverage for the claims against Gregg in the *GIBCO* Action. Even if the HOA could properly argue on behalf of Gregg, who is represented by his own counsel, its arguments in favor of defense cost coverage would nonetheless fail for the same reasons such arguments fail as to the HOA. The Gregg Settlement fully released all claims at issue in the *GIBCO* Action against Gregg, resulting in a complete dismissal of the *GIBCO* Action. No obligation to defend Gregg could have arisen under the Great American Umbrella Policy, as the *GIBCO* Action was dismissed upon settlement while Travelers was providing a defense, and the Great American Umbrella Policy was never triggered.

**V. THE HOA'S CLAIM THAT GREAT AMERICAN BREACHED A DUTY TO SETTLE IS NOT PROPERLY BEFORE THIS COURT**

The HOA's Opposition contends that Great American breached its duty to settle when it refused to contribute to the settlement of the GIBCO Action. The HOA did not move for summary judgment in this case, and this argument is not properly before this Court. Moreover, the HOA's arguments and authority in support are entirely irrelevant to this factual situation. The HOA would have this Court believe that an insurer must settle every claim against an insured regardless of whether coverage is provided under its policy. Nothing in the case law provided by the HOA strips an insurer of its ability to decide whether or not to settle a case. Rather, the cases cited by the HOA relate to circumstances where an insurer may expose itself to a judgment in excess of its policy limits if it declines to settle a case against its insured within limits. Even in those cases, the insurer had the choice of settling, or gambling that it may open its policy limits in the event a judgment exceeded those limits. That is not the case here, where the HOA settled within the limits of the Great American Umbrella Policy. Great American did not breach any duty to settle. Rather, it took proper action and sought a declaration from this Court that it owed no coverage for the claims at issue by filing this declaratory relief action. The HOA's arguments that Great American should be found in breach of a duty to settle are misleading and inappropriate.

**VI. THE HOA IS NOT ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR**

The HOA seeks that this Court issue an order granting summary judgment in its favor, finding that the Great American Umbrella Policy provides coverage for the claims asserted in the *GIBCO* Action. The HOA's request is improper, in that it has failed to move for summary judgment and produce evidence that shows that there is no genuine dispute as to any material fact that would support summary judgment in its favor. In the event this Court considers such a grant of summary judgment in favor of the HOA pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure, Great American respectfully requests the opportunity to respond to whatever arguments may be considered by this Court.

///

///

## VII. "MEET AND CONFER" REQUIREMENTS

The HOA contends that Great American violated Rule 52-6(b) of the Northern District Civil Local Rules. Rule 52-6(b) states:

> 56-2. Separate or Joint Statement of Undisputed Facts
>
> 1. (b) Procedure if Joint Statement Ordered. If the assigned Judge orders the submission of a joint statement of undisputed facts, the parties shall confer and submit, on or before a date set by the assigned Judge, a joint statement of undisputed facts. If the nonmoving party refuses to join in the statement, the moving party will nevertheless be permitted to file the motion, accompanied by a separate declaration of counsel explaining why a joint statement was not filed. Whether or not sanctions should be imposed for failure to file a joint statement of undisputed facts is a matter within the discretion of the assigned Judge.

This Rule applies "if the assigned Judge orders the submission of a joint statement." Counsel for Great American has reviewed and is familiar with both Judge Davila's January 25, 2017 Standing Order for Civil Cases and the February 17, 2017 Standing Order Regarding Case Management in Civil Cases. Neither Order requires a Joint Statement of Undisputed Facts. Therefore, contrary to the HOA's contentions, Great American did not violate Rule 52-6(b).

## VIII. CONCLUSION

For the above reasons, summary judgment should be granted in Great American's favor, and against the HOA and Gregg, in this matter. To the extent that the Court concludes that a genuine issue of material fact exists as to any of the issues raised in Great American's Motion and herein, Great American requests, in the alternative, that partial summary judgment be entered as to any cause of action, claim or defense for which there is no genuine dispute.

Dated: January 24, 2018 TRESSLER LLP

By: /s/ *Linda Bondi Morrison*
Linda Bondi Morrison, Esq.
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

OC #69991