UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREAT AMERICAN INSURANCE COMPANY,

Plaintiff,

v.

QUINTANA HOMEOWNERS ASSOCIATION, et al.,

Defendants.

Case No. 5:17-cv-00693-EJD

**ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS CERTAIN COUNTERCLAIMS**

Re: Dkt. No. 83

## I. INTRODUCTION

Great American Insurance Company ("GAIC") initiated this declaratory relief action seeking among other things, a judicial determination that it did not owe Defendant Quintana Homeowners Association ("Quintana HOA") a duty to defend or indemnify in the underlying suit entitled GIBCO Partners, LLC v. Quintana Homeowners Association, et al., that was pending in the Monterey County Superior Court, but has settled. Quintana HOA has counterclaimed for (1) breach of the implied covenant of good faith and fair dealing, (2) breach of contract, and (3) declaratory judgment that GAIC had a duty to defend and to contribute to the settlement. Presently before the Court is GAIC's motion to dismiss Quintana HOA's counterclaim for breach of the duty of good faith and fair dealing, request for punitive damages, and all allegations of fraud. The Court finds it appropriate to take the motion under submission for decision without

Case No.: 5:17-cv-00693-EJD
ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS
1

oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, GAIC's motion to dismiss is granted in part and denied in part.

## II. BACKGROUND

A. Underlying Action

GIBCO Partners filed suit against Quintana HOA in September of 2011 in the Monterey County Superior Court, asserting claims relating to GIBCO Partners' purchase of land in a development in Carmel Valley known as Quintana. In June of 2015, the Superior Court ruled that GIBCO Partners may not assert a claim for damages against Quintana HOA. In April of 2017, GIBCO Partners obtained leave to file the Amended Revised Sixth Amended Complaint, which included the following claims against Quintana HOA pertinent to the instant insurance coverage action: breach of contract; violation of California Corporations Code sections 8320, 8321, and 8333; violation of the Davis-Stirling Act, California Civil Code sections 1363, 1363.05, 1365 and 1363.840; and declaratory relief.

Quintana HOA received a defense in the underlying action from Quintana HOA's primary insurer, Travelers Casualty and Surety Company of America ("Travelers") under a primary liability insurance policy issued to Quintana HOA ("Travelers Policy"). In February of 2017, GAIC, Quintana HOA's excess carrier, issued letters denying any obligation to defend and indemnify Quintana HOA in the event the Travelers Policy was exhausted.

GIBCO Partners eventually offered to settle with Quintana HOA for $1,200,000.[1] Travelers agreed to pay what remained of its $2,000,000 eroding policy to settle the case, which was estimated at the time to be approximately $450,000. In August of 2017, Quintana HOA's counsel notified GAIC of the settlement offer and Traveler's agreement to contribute to the settlement. Quintana HOA requested that GAIC pay $750,000 of the proposed settlement. When GAIC refused to contribute toward the settlement and denied any duty to defend, Quintana HOA

---

[1] GIBCO Partners had incurred in excess of $1,200,000 in attorney fees and costs in prosecuting the underlying action.

felt it had no choice but to settle the action out of economic necessity. Under the terms of the settlement, Travelers paid what remained of its policy ($415,000) and Quintana HOA paid the remaining $785,000. After the agreement to settle was confirmed, Quintana HOA's counsel again requested that GAIC contribute to the settlement. GAIC never responded.

B. The Coverage Action

Shortly after declining coverage and prior to the settlement of the underlying case, GAIC initiated the instant action in February of 2017 seeking a judicial declaration that it has no obligation under the "follow form" umbrella liability policy it issued to Quintana HOA ("Umbrella Policy") to defend and indemnify Quintana HOA upon exhaustion of the Travelers Policy. Quintana HOA answered and counterclaimed.

The parties filed cross motions for summary judgment on the coverage issues. The Court held, in relevant part, that the instant coverage suit was not rendered moot by the settlement of the underlying action; that the GIBCO Partners' claim against Quintana HOA for injunctive relief was a "Claim" within the meaning of the Travelers Policy; that "Defense Costs" incurred in connection with GIBCO Partners' claim for injunctive relief are a covered "Loss"; and that GAIC had failed to establish that any prevailing party attorneys' fees are not a covered "Loss." See Dkt. No. 74.

Thereafter, Quintana HOA filed a First Amended Counterclaim pursuant a stipulation between the parties.

### III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for

Case No.: 5:17-cv-00693-EJD
ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

3

a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

**IV. DISCUSSION**

A. Breach of the Implied Covenant of Good Faith and Fair Dealing

GAIC moves to dismiss the counterclaim for breach of the duty of good faith and fair dealing. GAIC contends that Quintana HOA does not and cannot allege that GAIC's reason for withholding benefits was unreasonable or without proper cause and that Quintana HOA has failed to allege damages resulting from GAIC's alleged conduct.

Under California law, every contract imposes on each party to the contract an implied duty of good faith and fair dealing. Chateau Chamberay Homeowners Assn. v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 346 (2001). To establish a breach of the implied covenant of good faith and fair dealing against an insurer, a plaintiff must show: "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." Guerbara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001). If an insurer, in discharging its contractual responsibilities, fails to deal fairly and in good faith, the insurer's conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing. See Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985). When such a breach occurs, the insurer is "liable for any damages which are the proximate result of that breach." Id. (quoting Neal v. Farmers Ins. Exchange, 21 Cal. 3d 910, 925 (1978)).

"An insurer's wrongful and unreasonable refusal to defend its insured constitutes a violation of the covenant of good faith and fair dealing." Stone v. Hartford Cas. Co., 470 F. Supp. 2d 1088, 1099 (C.D. Cal. 2006) (citing Campbell v. Superior Court, 44 Cal. App. 4th 1308, 1320 (1996); Amato v. Mercury Casualty Co., 53 Cal. App. 4th 825, 831 (1997)). When, however, "there is a genuine issue, legal or factual, as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer." Stone v.

Case No.: 5:17-cv-00693-EJD
ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

4

Hartford Cas. Co., 470 F. Supp. 2d at 1100 (citing Chateau Chamberay Homeowners Assn. v. Associated Int'l Ins. Co., 90 Cal. App. 4th at 335).

Here, Quintana HOA alleges sufficient facts to state a claim for tortious breach of the implied covenant of good faith and fair dealing. Quintana HOA's claim is based upon allegations that GAIC unreasonably (1) refused to pay defense costs for the underlying action after the Travelers Policy was exhausted and refused to agree to reimburse all defense fees and costs incurred by Quintana HOA in excess of the Travelers Policy limit, (2) failed to accept the settlement offer in the underlying action, (3) failed to conduct a full, fair and thorough investigation, (4) failed to give Quintana HOA at least as much consideration as its own interests, (5) failed to diligently search for and consider evidence that would have supported payment of defense costs and settlement; and (6) misrepresented the insurance policy terms. Dkt. No. 76, pp. 9-10.

Citing Stone, supra, GAIC contends that a good faith coverage dispute does not give rise to liability for bad faith denial of coverage. Quintana HOA's allegations, however, go beyond describing a coverage dispute. For example, Quintana HOA alleges that GAIC failed to conduct any investigation and failed to search for and consider evidence that would have supported coverage. A genuine dispute over coverage "does not relieve an insurer from its obligation to thoroughly and fairly investigate, process and evaluate the insured's claim." Wilson v. 21st Century Ins. Co., 42 Cal.4th 713, 723 (2007). Drawing all reasonable inferences in Quintana HOA's favor, these allegations are sufficient at the pleading stage, notwithstanding GAIC's argument to the contrary. Quintana HOA is not required to explain the why, what and how regarding the alleged failure to investigate at the pleading stage.

As for the duty to settle, the implied covenant of good faith and fair dealing "obligates the insurance company, among other things, to make reasonable efforts to settle a third party's lawsuit against the insured. If the insurer breaches the implied covenant by unreasonably refusing to settle the third party suit, the insured may sue the insurer in tort to recover damages proximately caused

Case No.: 5:17-cv-00693-EJD
ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

5

by the insurer's breach." Barickman v. Mercury Casualty Co., 2 Cal. App. 5th 508, 516-17 (2016); see also Crisci v. Security Ins. Co. of New Haven, Conn., 66 Cal. 2d 425, 430 (1967) (treating breach of implied covenant of good faith and fair dealing as a tort and upholding award of damages for mental distress). GAIC cannot avoid a duty to settle by asserting that there was a good faith dispute over coverage. "An insurer who denies coverage *does so at its own risk and although its position may not have been entirely groundless*, if the denial is found to be wrongful it is liable for the full amount which will compensate the insured for all the detriment caused by the insurer's breach of the express and implied obligations of the contract." Johansen v. California State Auto. Assn. Inter-Ins. Bureau, 15 Cal. 3d 9, 15-16 (1975) (Italics added.) (quoting Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654, 660 (1958)).[2] "Accordingly . . . an insurer's 'good faith,' though erroneous, belief in noncoverage affords no defense to liability flowing from the insurer's refusal to accept a reasonable settlement offer." Id. at p. 16.

Citing Safeco Inc. Co. v. Superior Court, 71 Cal. App. 4th 782, 788 (1999), GAIC contends that the claim for breach of the duty to settle is nevertheless deficient because Quintana HOA has not and cannot allege that Quintana HOA was subject to an excess judgment.[3] In most cases, an excess judgment is needed to establish liability and damages for wrongful refusal to settle. Howard v. American National Fire Ins. Co., 187 Cal. App. 4th 498, 527 (2010). A claim for breach of the duty to settle, however, is actionable even without an excess judgment "where the insurer's conduct goes beyond a simple failure to settle within policy limits or the insured suffers consequential damages apart from an excess judgment." Travelers Prop. Cas. Co. of Am. v. Mountain Movers Eng'g Co., Inc., No. 16-2127-H-WVG, 2017 WL 2721970 (S.D. Cal. June 23, 2017) (quoting Howard, 187 Cal. App. 4th at 527); see also Bodenhamer v. Superior Court, 192 Cal. App. 3d 1472, 1479 (1987) (recognizing claim for breach of duty to settle even though insured had not been required to pay a claim or subjected to possibility of excess

---

[2] "Wrongful" in this context means "erroneous." Id. at p. 16, n. 4.
[3] An excess judgment is a judgment against the insured in an amount exceeding the policy limits. Safeco, 71 Cal. App. 4th at 788.

Case No.: 5:17-cv-00693-EJD
ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

6

judgment); Larraburu Bros. Inc. v. Royal Indem. Co., 604 F.2d 1208 (9th Cir. 1979) (recognizing claim for breach of duty to settle even though insurer paid full amount of coverage before judgment against insured became final).

Here, Quintana HOA alleges conduct beyond a simple failure to settle. Quintana HOA alleges that GAIC refused both to provide a defense and to settle, leaving Quintana HOA no choice but to fund the settlement with GIBCO Partners. The Safeco case upon which GAIC relies is distinguishable in this regard. The insurer in Safeco provided a defense, but refused to settle. Safeco, 71 Cal. App. 4th at 788.

Furthermore, Quintana HOA contends that it has suffered consequential damages apart from an excess judgment. Dkt. No. 89, pp. 11-12. In Howard, the insurer refused to contribute to a settlement and a judgment was entered against the insured after trial. Howard, 187 Cal. App. 4th at 527. Although the judgment against the insured did not exceed the policy limits, the Howard court found that the insurer was liable for breaching the duty to settle because the insured had suffered consequential damages apart from the judgment, including the payments the insured made to settle the case, as well as postjudgment attorneys' fees and accounting expenses. Howard, 187 Cal.App.4th at 528. Quintana HOA similarly alleges that it was forced to fund the settlement with GIBCO Partners, incurred attorneys' fees, interest, "and other economic and consequential damages." Dkt. No. 76, ¶¶ 3, 28, 32. Accordingly, Quintana HOA has stated a viable claim for breach of the implied covenant of good faith and fair dealing.

B. Malice, Oppression & Fraud

GAIC moves to dismiss Quintana HOA's claim for punitive damages, contending that the allegations of malice, oppression and/or fraud are not supported by facts. Quintana HOA's First Amended Counterclaim includes the following allegations regarding GAIC's alleged malice, oppression and fraud:

> [GAIC's] conduct was malicious and oppressive as it had no reasonable basis to deny defense and coverage and yet it did so. When its insured came to it in desperation, pleading for Great American to come to its aid to settle the case, instead of asking

Case No.: 5:17-cv-00693-EJD
ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

7

questions and attempting to find coverage, Great American issued a denial unsupported by the plain policy language, without any investigation whatever, and without any support from the Policy. Making matters even worse, Great American did this knowing that Travelers, under the same exact policy language, had agreed to provide a defense and ultimately agreed to pay what remained of its $2,000,000 limit to settle the case. Even with the primary insurer showing Great American how the primary policy should be interpreted, Great American refused to follow Travelers' interpretation of its own Policy, and it chose to further its own financial gain by engaging in a tortured analysis of the Policy language, thereby refusing to extend coverage, acknowledge a defense obligation, or engage in settlement discussions or pay any amount toward settlement. Great American's conduct was fraudulent because though it was well aware of the terms of the primary Policy to which it followed form, and knew that there was no requirement that "damages" be asserted in an underlying claim as a trigger for coverage, it still denied coverage on that basis, and maintained that position despite receiving reasoned arguments from Quintana's counsel and despite the order of the District Court denying summary judgment on the grounds of absence of coverage. Great American's fraudulent conduct also extends to its erroneous contention that the "cost of compliance for injunctive relief" exclusion precluded coverage or any defense obligation, though the plain language of the exclusion requires that Great American provide a defense to claims for injunctive relief, and only excludes the very narrow cost of compliance with an order of injunctive relief. The exclusion does not extend to the cost of defending against injunctive relief claims, nor does it extend to prevailing party attorneys' fees awarded to a party obtaining such injunctive relief. Accordingly, based upon this conduct and other conduct as may be discovered upon review of discovery not yet obtained, Counterclaimant seeks an award of punitive damages in an amount appropriate to punish past conduct and deter Counterdefendant from continuing said conduct.

Dkt. No. 76, ¶ 31.

To the extent the request for punitive damages is based upon alleged fraud, the claim is not pled with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. The allegations set forth above are insufficient to establish, among other things, that GAIC intentionally misrepresented the coverage afforded under the GAIC's policy.

To the extent the request for punitive damages is based upon alleged oppression and malice, Quintana HOA has alleged the bare minimum to satisfy Rule 8 of the Federal Rules of Civil Procedure. Section 3294 defines malice as "conduct which is intended by the defendant to

cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. § 3294(c)(2). Quintana HOA alleges, among other things, that GAIC did not ask any questions, did not attempt to find coverage, and refused to provide any defense or contribute to the settlement without conducting any investigation, even though GAIC knew that the Travelers Policy and the GAIC policy had identical policy language and that Travelers provided a defense and paid what remained of its $2,000,000 limit to settle the underlying action.

## V.  CONCLUSION

For the reasons set forth above, GAIC's motion to dismiss is GRANTED in part. The breach of implied covenant claim is DISMISSED to the extent it is based upon allegations of fraud. GAIC's motion is DENIED in all other respects.

**IT IS SO ORDERED.**

Dated:     July 31, 2018

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00693-EJD
ORDER GRANTING IN PART AND DENYING IN PART GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

9